

370 KNOLLWOOD STREET, SUITE 600
WINSTON-SALEM, NC 27103 USA
PHONE: (336) 722-6300 | FAX: (336) 722-1993

3600 GLENWOOD AVENUE, SUITE 210
RALEIGH, NC 27612 USA
PHONE: (919) 589-7985 | FAX: (984) 263-0466

March 26, 2026

Nwamaka Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 E. Main Street, Suite 501
Richmond, VA 23219

**RE:** *Herlihy v. DBMP, LLC*, **No. 24-2109**

Dear Ms. Anowi:

Pursuant to Fed. R. App. P. 28(j) and Fourth Circuit Local Rule 28(e), Appellants submit the following additional authorities in support of their Petition for Rehearing *En Banc* (Doc. 74):

**1.** **BRIEF OF SENATORS DURBIN, WHITEHOUSE, AND HAWLEY AS AMICI CURIAE,** *Official Committee of Asbestos Claimants of Bestwall LLC v. Bestwall LLC*, **No. 25-1013 (U.S. Supreme Court, March 25, 2026) ("Bipartisan Brief").**

This bipartisan amicus brief—filed by senior members of the Senate Judiciary Committee—reinforces that this case involves issues of grave public importance. *See* Doc. 74, 19–23 (collecting myriad authorities to supplement one "old dissenting judge" who "recognizes the importance of addressing the Two-Step's disregard of financial distress and bad faith"). Moreover, the Bipartisan Brief highlights the circuit split created by the refusal of the majority below to enforce a financial distress requirement, violating not only *Carolin*/*Premier* but Congressional intent as well:

> Congress provided no mechanism in the Code for entities with a conceded ability to timely and fully pay all debts to leverage bankruptcy's extraordinary powers against their creditors. But the existence of even one



jurisdiction with a test like the Fourth Circuit's means that every perpetrator of bankruptcy abuse will seek refuge there.

Bipartisan Brief, 4. *See also* Doc. 74, 11–13, 16–19.

**2. MEMORANDUM OPINION AND ORDER,** *Weiss v. Bestwall, LLC***, No. 3:24-cv-00297, 2026 WL 736787 (W.D.N.C. March 16, 2026) ("Judge Volk Memorandum").**

District Judge Frank W. Volk's recent opinion in another Two-Step appeal shows how the majority's failure to enforce a financial distress requirement on the Appellants' lift-stay motion leaves *Carolin* in tatters. *See* Doc. 74, 13–16. *Compare Carolin Corp. v. Miller*, 886 F.2d 693, 700–02 (4th Cir. 1989) (creating a dismissal-stage test that furthers the "purposes of the Code"—*i.e.*, "resuscitating a financially troubled debtor"—while noting that stay relief may independently lie), *with* Op. at 15 (applying the *Carolin* test to both § 1112 dismissal and § 362(d) lift-stay), *and* Judge Volk Memorandum, 13 (applying the majority's implied overwriting of *Carolin*).

As the Appellant's Petition, the Amicus Brief of the Asbestos Claimants' Committee (Doc. 81), and these additional authorities show, *en banc* review is required.

Sincerely,

*/s/ Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr.
Chris W. Haaf
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103
Telephone: 336-717-1280
Email: notice@waldrepwall.com

CC: All counsel of record, via CM/ECF